UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

CLAUDIA MARTINEZ,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CAUSE NO. 2:25cv232 DRL-SJF

OPINION AND ORDER

Claudia Martinez appeals from the Social Security Commissioner's final judgment denying her disability insurance. She requests a finding that she is entitled to Social Security benefits or, in the alternative, remand of her claim for further consideration. Having reviewed the underlying record and the arguments on appeal, the court affirms the Commissioner's decision.

BACKGROUND

Ms. Martinez suffers from a variety of physical impairments. These include long COVID, lumbar stenosis, obesity, fibromyalgia, left knee degeneration, and plantar fasciitis, as well as alopecia (hair loss) and mild obstructive sleep apnea [R. 17-18]. In June 2022, she filed a Title II application for benefits alleging disability beginning December 3, 2021 [R. 243-44].[1] Her application was denied initially on January 13, 2023, and again on reconsideration on July 17, 2023 [R. 79, 92]. Administrative Law Judge (ALJ) Leeanne Foster heard the claims on January 30, 2024 [R. 15]. In a March 27, 2024 decision, the ALJ denied Ms. Martinez's petition because she could not show that she was disabled as defined by the Social Security Act [R. 16].

---

[1] The ALJ says Ms. Martinez applied on June 23, 2022 [R. 15], whereas her application summary says June 24, 2022 [R. 243]. This discrepancy is inconsequential to the court's decision.

The ALJ first found that Ms. Martinez had not engaged in substantial gainful activity since December 3, 2021 [R. 17]. The ALJ thereafter determined that Ms. Martinez's long COVID, lumbar stenosis, obesity, fibromyalgia, left knee degeneration, and plantar fasciitis were severe physical impairments, and that her alopecia and mild obstructive sleep apnea were not [R. 17-18]. Because her impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 [R. 18], the ALJ found that Ms. Martinez had the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with the following limitations: she could frequently balance; could occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs; could never climb ladders, ropes, or scaffolds; needed to avoid concentrated exposure to extreme cold or heat, fumes, odors, dusts, and gases, and all exposure to unprotected heights or dangerous moving machinery [R. 18]. Finally, the ALJ found that Ms. Martinez could not perform her past relevant work as a hospital housekeeper, but she could perform a significant number of jobs in the national economy [R. 22-23]. This decision became final on April 8, 2025 when the Appeals Council denied Ms. Martinez's request for review [R. 1].

## STANDARD

The court has authority to review the final decision under 42 U.S.C. § 405(g); however, review is bound by a strict standard. Because the Appeals Council denied review, the court evaluates the ALJ's decision as the Commissioner's final word. *See Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). The ALJ's findings, if supported by substantial evidence, are conclusive and nonreviewable. *See Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is that evidence that "a reasonable mind might accept as adequate to support a conclusion," *Richardson*

*v. Perales*, 402 U.S. 389, 401 (1971), and may well be less than a preponderance of the evidence, *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (citing *Richardson*, 402 U.S. at 401). If the ALJ has relied on reasonable evidence and built an "accurate and logical bridge from the evidence to conclusion," the decision must stand. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). Even if "reasonable minds could differ" concerning the ALJ's decision, the court must affirm if the decision has adequate support. *Simila v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009) (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)).

DISCUSSION

When considering a claimant's eligibility for disability benefits, an ALJ must apply the standard five-step analysis: whether (1) the claimant is currently employed; (2) the claimant's impairment or combination of impairments are severe; (3) her impairments meet or exceed any of the specific listed impairments that the Secretary acknowledges to be so severe as to be conclusively disabling; (4) if the impairment has not been listed as conclusively disabling, given the claimant's RFC, the claimant is unable to perform her former occupation; and (5) the claimant is unable to perform any other work in the national economy given her age, education, and work experience. 20 C.F.R. § 404.1520; *Young v. Secretary of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). "A finding of disability requires an affirmative answer at either step three or step five." *Briscoe v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005). The claimant bears the burden of proof until step five, where the burden shifts to the Commissioner to prove that the claimant can perform other work in the economy. *See Young*, 957 F.2d at 389.

Ms. Martinez challenges the ALJ's step three and four findings with one argument—that the ALJ's failure to consider her obesity constitutes reversible error. The government responds that Mr. Martinez has not shown that record evidence compels a different result. No reply came.

A. *Step Three: Listed Impairments.*

At step three, the ALJ found that Ms. Martinez's severe impairments did not "meet[] or medically equal[] the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1" [R. 18]. The entire explanation from the administrative decision reads as follows:

> A thorough review of the objective evidence, as well as the Listing of Impairments, leads the undersigned to conclude that the aforementioned "severe" impairments are not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P. In addition, no examining or non-examining physician has noted that the claimant's impairments equal any of the listed impairments. This finding is consistent with the persuasive State agency consultant opinions.

[R. 18]. Ms. Martinez challenges this finding, though with limited argument, saying only that the administrative decision did not mention her morbid obesity at step three. She doesn't explain why this warrants remand, or even argue for remand on step three grounds, instead saying remand is required to evaluate her "obesity as an impairment *in the RFC assessment*." She cites no authority in support, and the case law she cites elsewhere on the failure to consider obesity addresses step four rather than step three. The Commissioner didn't respond to this challenge, perhaps because it is so slight.

A party waives underdeveloped or cursory arguments. *Swiecichowski v. Dudek*, 133 F.4th 751, 756 n.4 (7th Cir. 2025) (declining to address plaintiff's argument expressed in "only a single sentence, unsupported by any relevant authority"); *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) (calling the argument an "afterthought" since it was "only one sentence" with "no pertinent authority" cited in support). With no legal authority to support her challenge and mere

passing reference to this point *vis-à-vis* step three, the court sees this point as undeveloped. Even so, Ms. Martinez still would not succeed at step three.

Generally, when "considering whether a claimant's condition meets or equals a listed impairment, an ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing." *Barnett*, 381 F.3d at 668. The administrative decision provides some explanation, even if modest, and a social security petitioner "has the burden of showing that [her] impairments meet a listing, and [she] must show that [her] impairments satisfy all of the various criteria specified in the listing." *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006). Ms. Martinez has not explained which listing the ALJ should have considered and how she met such a listing. *See also Knox v. Astrue*, 327 F. Appx. 652, 655 (7th Cir. 2009) (affirming the ALJ's decision when plaintiff "did not present any medical evidence supporting the position that his impairments meet or equal[] a particular listing"); *Ann S. v. Saul*, 2021 U.S. Dist. LEXIS 19567, 12 n.6 (N.D. Ill. Feb. 2, 2021) ("That Claimant did not explain how her impairments satisfy the various criteria for a particular listing not only goes to Claimant's failure to meet her burden at step three, but also leaves this Court to guess how, and to what listing, it should apply Claimant's substantive arguments."). She also didn't argue below that she should be found disabled under a particular listing [R. 38-54].

In addition, no medical opinion she identifies in the record comes to that conclusion. In fact, medical opinions from state agency medical consultants, Dr. J. V. Corcoran and Dr. J. Sands, considered whether Ms. Martinez satisfied the criteria of Listing 1.15 but rejected that possibility, concluding that an "RFC assessment [is] necessary" [R. 58, 66]. The ALJ reasonably relied on these state agency medical opinions, having considered the reports of examining physicians

[R. 18]. *See Ribaudo*, 458 F.3d at 584 ("ALJ may rely solely on opinions given in Disability Determination and Transmittal forms and provide little additional explanation only so long as there is no contradictory evidence in the record."); *see also Davis v. Berryhill*, 723 F. Appx. 351, 356 (7th Cir. 2018) ("ALJ specified that she was relying on the state-agency doctors' findings on equivalence, an explanation that we have deemed acceptable."). Ms. Martinez doesn't provide contradictory evidence, pointing only (in her step four argument) to a physical therapy note from St. Catherine's Hospital where she received treatment [R. 461]. Drs. Corcoran and Sands considered this too [R. 56, 64]. Without identifying a listing or contradicting the state agency medical findings, she hasn't met her burden at step three or shown error in the administrative decision, so the court will not remand on this basis.

B. *Step Four: Residual Functional Capacity.*

At step four, the ALJ found that Ms. Martinez had the residual functional capacity to perform sedentary work with certain limitations [R. 18]. Ms. Martinez argues that the ALJ's reasoning is insufficient because she neglected to consider the effect of Ms. Martinez's obesity on her other impairments. The government says the ALJ adequately discussed the relevant medical evidence.

"An ALJ must factor in obesity when determining the aggregate impact of an applicant's impairments." *Arnett v. Astrue*, 676 F.3d 586, 593 (7th Cir. 2012). She must "consider the exacerbating effects of a claimant's obesity on her underlying conditions (even if the obesity is not itself a severe impairment) when arriving at a claimant's RFC." *Hernandez v. Astrue*, 277 F. Appx. 617, 623-24 (7th Cir. 2008) (citations omitted); *see also* SSR 19-2p, 84 Fed. Reg. 22924, 22926, 2019 SSR LEXIS 2, 13 (May 20, 2019) ("The combined effects of obesity with another

impairment(s) may be greater than the effects of each of the impairments considered separately."). This must include an assessment of the credibility of the claimant's professed limitations, even if unsupported by medical evidence. *See Filus v. Astrue*, 694 F.3d 863, 869 (7th Cir. 2012) ("An ALJ may not reject a claimant's testimony about limitations on his daily activities solely because his testimony is unsupported by the medical evidence."); *Gentle v. Barnhart*, 430 F.3d 865, 868 (7th Cir. 2005) ("[I]n considering the credibility of the obese woman's narrative of her ability to stand, sit, etc., the administrative law judge would have to determine the effect of her obesity on that ability.").

"But a failure to explicitly consider the effects of obesity may be harmless error." *Prochaska v. Barnhart*, 454 F.3d 731, 736 (7th Cir. 2006); *see also Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010) ("The doctrine of harmless error indeed is applicable to judicial review of administrative decisions."). "[A]n ALJ's failure to explicitly consider an applicant's obesity is harmless if the applicant did not explain how her obesity hampers her ability to work," *Stepp v. Colvin*, 795 F.3d 711, 720 (7th Cir. 2015) (citation omitted), and "if the ALJ indirectly took obesity into account by adopting limitations suggested by physicians who were aware of or discussed [the claimant's] obesity," *Arnett*, 676 F.3d at 593; *see Prochaska*, 454 F.3d at 736-37 (ALJ's failure to explicitly address obesity was harmless when the ALJ adopted limitations suggested by specialists and reviewing physicians aware of the condition and the claimant failed to specify how obesity further impaired her ability to work).

Here, the ALJ found at step two that Ms. Martinez's obesity was a severe impairment [R. 17]. That means the administrative decision should have considered "the limiting effects of obesity when assessing [her] RFC," including "[t]he combined effects of obesity with []other

impairment(s)." SSR 19-2p, 2019 SSR LEXIS at 12-13; *see Pepper v. Colvin*, 712 F.3d 351, 364 (7th Cir. 2013) ("the ALJ was required to discuss any functional limitations resulting from the obesity when formulating [the] RFC assessment.") (quotations and citation omitted). Fatigue, which Ms. Martinez says was overlooked, is a fair concern with obesity. *See* SSR 19-2p, 2019 SSR LEXIS at 13 ("In cases involving obesity, fatigue may affect the person's physical and mental ability to sustain work activity."). The ALJ's only explicit discussion of Ms. Martinez's obesity at step four was to note "the record documents clinical obesity" and her body mass index based on her height and weight [R. 20, 20 n.3]. Such limited discussion would be insufficient on its own.

Yet there is more. Even without explicit discussion, the ALJ took Ms. Martinez's obesity into account by imposing limitations even more restrictive than those suggested by physicians aware of this condition. *See Arnett*, 676 F.3d at 593. Medical records from Dr. Asaad Jandali observed that Ms. Martinez was obese [R. 379, 385, 390]. State agency physicians Dr. Corcoran and Dr. Sands reviewed the records from Dr. Jandali, so they too were aware of her obesity [R. 56, 64]. They found in their RFC assessments that she was capable of light exertional work [R. 60, 68]. The ALJ found their assessments or opinions to be "somewhat persuasive" [R. 21] but ultimately decided, in recognition of Ms. Martinez's "subjective complaints," to use a more accommodating RFC: sedentary exertional work, with additional limitations [R. 21-22]. This makes the ALJ's failure to discuss her obesity harmless.

Ms. Martinez also doesn't explain how obesity impairs her ability to work. *See Stepp*, 795 F.3d at 720. She says her impairments "are known to often worsen with morbid obesity," but tendencies aren't always facts, and such a nonspecific, speculative argument will not suffice. *See Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004) (claimant's mere "speculat[ion] . . . that his

weight makes it more difficult to stand and walk" didn't explain how it impaired his ability to work). She also notes her poor performance in physical therapy because she fatigued quickly [R. 461], but the physical therapy note doesn't attribute this fatigue to her obesity, either in part or outright, and she doesn't connect this to her work. The ALJ addressed Ms. Martinez's chronic fatigue diagnosis, noting a lack of evidence of "daytime somnolence or associated mental health symptomology" [R. 21, *see also* 21 n.4], which has not been shown to be in error.

All together, the ALJ's reliance on the doctors' reports that accounted for obesity, the ALJ's imposition of a more limited RFC than recommended, and Ms. Martinez's failure to argue how her obesity limits her ability to work make the omission of explicit discussion of obesity in the administrative decision at step four harmless. *See Stepp*, 795 F.3d at 720; *Arnett*, 676 F.3d at 593; *Prochaska*, 454 F.3d at 736. Ms. Martinez hasn't shown that ALJ's decision is insufficiently supported. Rather, the ALJ's decision must be affirmed.

CONCLUSION

For these reasons, the court DENIES Ms. Martinez's request for remand [1] and AFFIRMS the Commissioner's administrative decision.

SO ORDERED.

September 10, 2026

*s/ Damon R. Leichty*
Judge, United States District Court